CIVIL MINUTES -- GENERAL

| | |
|---|---|
| Case No.  **CV 18-1505-JFW(PJWx)** | Date:  March 27, 2018 |

Title:    Cynthia Grant -v- HKS, Inc., et al.

**PRESENT:**

**HONORABLE JOHN F. WALTER, UNITED STATES DISTRICT JUDGE**

| | |
|---|---|
| Shannon Reilly | None Present |
| Courtroom Deputy | Court Reporter |

| ATTORNEYS PRESENT FOR PLAINTIFFS: | ATTORNEYS PRESENT FOR DEFENDANTS: |
|---|---|
| None | None |

PROCEEDINGS (IN CHAMBERS):    ORDER GRANTING PLAINTIFF CYNTHIA GRANT'S MOTION FOR REMAND [filed 3/2/18; Docket No. 11];

ORDER DENYING WITHOUT PREJUDICE DEFENDANT HKS, INC. D/B/A HKS ARCHITECTS, INC.'S MOTION TO DISMISS PLAINTIFF'S FOURTH, TWELFTH, AND THIRTEENTH CAUSES OF ACTION FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED [FED. R. CIV. P. 12(b)(6)] [filed 3/2/18; Docket No. 9]; and

ORDER DENYING WITHOUT PREJUDICE DEFENDANT SCOTT B. HUNTER'S MOTION TO DISMISS PLAINTIFF'S FOURTH, TWELFTH, AND THIRTEENTH CAUSES OF ACTION FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED [FED. R. CIV. P. 12(b)(6)] [filed 3/2/18; Docket No. 10]

On March 2, 2018, Plaintiff Cynthia Grant ("Plaintiff") filed a Motion for Remand ("Motion"). On March 12, 2018, Defendants HKS, Inc. d/b/a HKS Architects, Inc. ("HKS") and Scott B. Hunter ("Hunter") (collectively, "Defendants") filed their Opposition. On March 19, 2018, Plaintiff filed a Reply. Pursuant to Rule 78 of the Federal Rules of Civil Procedure and Local Rule 7-15, the Court finds that this matter is appropriate for decision without oral argument. The hearing calendared for April 2, 2018 is hereby vacated and the matter taken off calendar. After considering the moving, opposing, and reply papers, and the arguments therein, the Court rules as follows:

    **I.**    **Factual and Procedural Background**

On January 12, 2018, Plaintiff filed a Complaint against Defendants in Los Angeles County Superior Court, alleging state law causes of action for: (1) disability discrimination and wrongful termination in violation of California's Fair Employment and Housing Act ("FEHA") (Cal. Gov. Code §§ 12926(o), 12940(a), (n)); (2) failure to make reasonable accommodations in violation of FEHA (Cal. Gov. Code §§ 12926(o), 12940(a), (n)); (3) failure to engage in the interactive process in violation of FEHA; (4) disability harassment in violation of FEHA; (5) retaliation in violation of the California Family Rights Act ("CFRA") (Cal. Gov. Code § 12945.2 et seq.); (6) violation of CFRA (Cal. Gov. Code § 12945.2; 2 Cal. Code Regs. §§ 7297.4, 7297.9, 11091); (7) violation of Cal. Lab. Code §§ 233, 234, 246.5, et seq.; (8) gender discrimination and wrongful termination in violation of FEHA (Cal. Gov. Code § 12940(a)); (9) retaliation in violation of FEHA; (10) wrongful termination in violation of public policy; (11) failure to remedy and/or prevent discrimination, harassment, and/or retaliation in violation of FEHA; (12) defamation per se/per quod; and (13) intentional infliction of emotional distress.

On February 23, 2018, Defendants filed a Notice of Removal of Civil Action ("Notice of Removal"), alleging that this Court has diversity jurisdiction over this action pursuant to 28 U.S.C. § 1332(a).

In her Motion, Plaintiff moves to remand this action to Los Angeles County Superior Court, arguing that this Court does not have diversity jurisdiction because Plaintiff and Hunter are both citizens of California. In their Opposition, Defendants argue that Hunter has been fraudulently joined.

## II. Legal Standard

A motion to remand is the proper procedure for challenging removal. *See N. Cal. Dist. Council of Laborers v. Pittsburg-Des Moines Steel Co.*, 69 F.3d 1034, 1038 (9th Cir.1995). The removal statute is strictly construed, and any doubt about the right of removal is resolved in favor of remand. *See Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir.1992); *see also Prize Frize, Inc. v. Matrix, Inc.*, 167 F.3d 1261, 1265 (9th Cir.1999). Consequently, if a plaintiff challenges the defendant's removal of a case, the defendant bears the burden of establishing the propriety of the removal. *See Gaus*, 980 F.2d at 566; *see also Duncan v. Stuetzle*, 76 F.3d 1480, 1485 (9th Cir.1996) (citations and quotations omitted) ("Because of the Congressional purpose to restrict the jurisdiction of the federal courts on removal, the statute is strictly construed, and federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance.")*.*

## III. Discussion

Diversity jurisdiction founded under 28 U.S.C. § 1332(a) requires that (1) all plaintiffs be of different citizenship than all defendants, and (2) the amount in controversy exceed $75,000. *See* 28 U.S.C. § 1332. Because Liberty Mutual has not met its burden of demonstrating that the parties are completely diverse, this action must be remanded.

Although Plaintiff and Hunter are both citizens of California, Defendants contend that Hunter has been fraudulently joined, and, thus, his presence in this action should be ignored. "Although an action may be removed to federal court only where there is complete diversity of citizenship, . . . one exception to the requirement for complete diversity is where a non-diverse defendant has been 'fraudulently joined.'" *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1043 (9th Cir. 2009) (quotations

and citations omitted).  "Fraudulent joinder is a term of art and does not implicate a plaintiff's subjective intent."  *Health Pro Dental Corp. v. Travelers Prop. Cas. Co. of Am.*, 2017 WL 1033970, at *3 (C.D. Cal. Mar. 17, 2017).  If the plaintiff "fails to state a cause of action against a resident defendant, and the failure is obvious according to the *settled* rules of the state, the joinder of the resident defendant is fraudulent."  *McCabe v. Gen. Foods Corp.*, 811 F.2d 1336, 1339 (9th Cir. 1987) (emphasis added).  If the Court finds that the joinder of a non-diverse defendant is fraudulent, that defendant's presence in the lawsuit is ignored for the purposes of determining diversity.  *See, e.g., Morris v. Princess Cruises, Inc.*, 236 F.3d 1061, 1067 (9th Cir. 2001).

"There is a presumption against finding fraudulent joinder, and defendants who assert that plaintiff has fraudulently joined a party carry a heavy burden of persuasion."  *Plute v. Roadway Package Sys., Inc.*, 141 F. Supp. 2d 1005, 1008 (N.D. Cal. 2001).  Indeed, "[f]raudulent joinder must be proven by clear and convincing evidence."  *Hamilton Materials, Inc. v. Dow Chemical Corp.*, 494 F.3d 1203, 1206 (9th Cir. 2007).  A claim of fraudulent joinder should be denied if there is *any possibility* that the plaintiffs may prevail on the cause of action against the non-diverse defendant.  *See Plute*, 141 F. Supp. 2d at 1008.  "The standard is not whether plaintiffs will actually or even probably prevail on the merits, but whether there is a *possibility* that they may do so."  *Lieberman v. Meshkin, Mazandarani*, 1996 WL 732506, at *3 (N.D. Cal. Dec. 11, 1996) (emphasis added).  "In determining whether a defendant was joined fraudulently, the court must resolve 'all disputed questions of fact and all ambiguities in the controlling state law in favor of the non-removing party.'"  *Plute*, 141 F. Supp. 2d at 1008 (quoting *Dodson v. Spiliada Maritime Corp.*, 951 F.2d 40, 42-43 (5th Cir. 1992)).  Moreover, any doubts concerning the sufficiency of a cause of action due to inartful, ambiguous, or technically defective pleading must be resolved in favor of remand.  *See id.*  "[A] removing defendant alleging fraudulent joinder must do more than show that the complaint at the time of removal fails to state a claim against the non-diverse defendant. Rather, the defendant must establish that plaintiff could not amend his complaint to add additional allegations correcting any deficiencies."  *Martinez v. Michaels*, 2015 WL 4337059, at *5 (C.D. Cal. July 15, 2015) (quotations and citations omitted).

The Court concludes that Defendants have failed to meet their heavy burden of demonstrating fraudulent joinder.  In her Complaint, Plaintiff alleges claims for disability harassment, defamation, and intentional infliction of emotional distress against Hunter.  Although Defendants argues that Plaintiff cannot possibly prevail on her claims against Hunter, the Court cannot conclude that Plaintiff has no possibility of prevailing on her claims against Hunter, and Defendants' argument is better raised in a demurrer or motion to dismiss rather than in a notice of removal or in its Opposition to Plaintiff's Motion.  *See Vincent v. First Republic Bank Inc.*, 2010 WL 1980223, at *4 (N.D. Cal. May 17, 2010) ("While plaintiff's allegations may fall short of proving outrageous conduct, this order cannot conclude that plaintiff has absolutely no possibility of stating a claim, if afforded an opportunity to amend."); *see also Ramirez v. Speltz*, 2015 WL 5882065, at *3 (N.D. Cal. Oct, 8, 2015) (holding that "[u]nlike a discrimination claim, for which only an employer may be liable, an individual employee may be liable for workplace harassment (in addition to the employer)"); *Barsell v. Urban Outfitters, Inc.*, 2009 WL 1916495, at *5 (C.D. Cal. Jul. 1, 2009) (quotations and citations omitted) ("There is no authority for the proposition that [a manager] may not be liable in tort for the intentional infliction of emotional distress providing all of the elements of that tort are satisfied.  Indeed, California case law is replete with cases where conduct of the employer or one of its agents or employees is so outside the bounds of conduct tolerated by a decent society that it may give rise to a claim for intentional infliction of emotional distress."); *Landucci v. State Farm Insurance Company*, 65 F.Supp. 3d 694, 703 (N.D. Cal. 2014) ("The FEHA

specifically makes harassment by an employee unlawful"); *Sanchez v. Lane Bryant, Inc.*, 123 F.Supp. 3d 1238 (C.D. Cal. 2015) (holding that where there was a possibility that an employee, who was a California citizen, could state a defamation claim against her supervisor, who was also a California citizen, the supervisor's joinder was not fraudulent).

## IV. Conclusion

For the foregoing reasons, Plaintiff's Motion to Remand is **GRANTED**. This action is hereby **REMANDED** to Los Angeles County Superior Court. In light of the remand of this action to Los Angeles County Superior Court, Defendant HKS, Inc. d/b/a HKS Architects, Inc.'s Motion to Dismiss Plaintiff's Fourth, Twelfth, and Thirteenth Causes of Action for Failure to State a Claim Upon Which Relief Can Be Granted [Fed. R. Civ. P. 12(b)(6)] and Defendant Scott B. Hunter's Motion to Dismiss Plaintiff's Fourth, Twelfth, and Thirteenth Causes of Action for Failure to State a Claim Upon Which Relief Can Be Granted [Fed. R. Civ. P. 12(b)(6)] are **DENIED without prejudice**.

IT IS SO ORDERED.